UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

REBECCA MOORE

Plaintiff                                            CIVIL ACTION NO

V.

MASTER CREDIT SYSTEMS, INC.

Defendant                                            JULY 27, 2011

COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF

Plaintiff, sues Defendant a licensed Maryland collection agency and alleges:

I. PRELIMINARY STATEMENT

1.   This is an action brought pursuant to 15 D.S.C. § 1692, *et sequi,* known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

II. JURISDICTION

2.   The jurisdiction of this Court arises under 15 U.S.C. §1692k and 28 D.S.C. §1337.

III. ALLEGATIONS AS TO PARTIES

3.   Plaintiff is a resident of Annapolis, MD.

4. At all times material hereto, Defendant, ("Collection Agency), was **NOT** a Maryland licensed Collection Agency, doing business in Maryland.

5. At all times material hereto, Defendant, was a collection agency with a principal place of business at 2520 Shallowford Road, Suite H, Marietta, GA 30066

6. Defendant is or was engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempted to collect consumer debts alleged to be due to another in the State of Maryland.

## IV. FACTUAL ALLEGATIONS

7. For an extended period of time, Defendant acted as collection agency for Whole Foods in the State of Maryland.

8. In the course of its representation of Whole Foods, Defendant regularly collected or attempted to collect monies from consumers for delinquent debt.

9. On or about July 13, 2011 Defendant sent or caused to be sent to Ms. Moore written correspondence, known more commonly in the collection industry as a "dunning letter," for the purpose of collecting monies for Hole Foods purportedly owed by Ms. Moore to the creditor. ("Initial Collection Communication").

10. A true and correct copy of the Initial Collection Communication, is attached hereto and incorporated by reference as Exhibit "1."

11. Through the Initial Collection Communication, Defendants failed to provide a a proper disclosure of the rights of consumers such as Ms. Moore to obtain debt validation under the FDCPA ("Validation Disclosure").

12. Defendant is not licensed as required by the Maryland Collection Agency Act.

## V. DEFENDANTS' PRACTICES

13. It is or was the policy and practice of Defendant to send collection letters in the form of Exhibit "1" to consumers in a manner which was reasonably calculated to confuse or frustrate consumers validation of the debt. .

14. It is or was the policy and practice of Defendant to send collection letters in the form of Exhibit "1" to consumers wherein Defendant charged or attempted to charge fees for service or equipment which the Defendant were not entitled to recover from consumers such as Ms. Moore.

## VI. ALLEGATIONS OF LAW

### A. General

20. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. §1692a (3).

21. At all times material hereto, Whole Foods represented by Defendant were "creditor(s)" as said term is defined under 15 U.S.C. §1692a (4).

22. At all times material hereto, the Whole Food fees purportedly owed to Hole foods represented by Defendant were a "debt" as said term is defined under 15 U.S.C. §1692a (5).

**A. Unlawful Claim**

23. With respect to the attempt by Defendant to collect a debt in the State of Maryland without first having a collection agency license, the conduct of Defendant violated the FDCPA, including but not limited to:

a.        the use of false representations, deceptive or misleading representations or

means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692e, e(2)(A); and

b.  the use of unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f (1)

24. As a result of Defendant's' conduct, Plaintiff is entitled to an award of actual and statutory damages pursuant to 15 U.S.C. §1692k.

25. Plaintiff is entitled to an award of costs and attorneys fees pursuant to 15 U.S.C. § 1692k.

WHEREFORE, Plaintiff, an individual, requests judgment be entered in his favor against Defendant for:

A.  Actual and statutory damages pursuant to 15 U.S.C. §1692k;

B.  An award of costs and attorney's fees pursuant to 15 U.S.C. § 1692k; and

C.  Such other and further relief as the Court may deem just and equitable.

### DEMAND FOR JURY TRIAL

THE PLAINTIFF

BY/S/Bernard T. Kennedy
Bernard T. Kennedy, Esquire
The Kennedy Law Firm
P.O. Box 657
Edgewater, MD 21037
Ph  (443) 607-8901
Fax (443) 607-8903
Fed. Bar # Md26843
bernardtkennedy@yahoo.com